IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, #132431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-928-MHT |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Rodney Alverson ("Alverson"), an indigent state inmate incarcerated at the Draper Correctional Facility.  In the instant complaint, Alverson challenges actions taken against him by correctional officials and an alleged lack of treatment provided by medical personnel during October and November of 2016 during his confinement at Draper.

On December 15, 2016, Alverson filed a motion for preliminary injunction in which he requests that "defendants Mills and Ellington … move plaintiff to a safer dorm being B-dorm[.]" *Doc. No. 15* at 2.  In support of this motion, Alverson argues that "[t]he above named defendants are keeping the plaintiff housed in I-dorm out of retaliation for filing this civil action[.]" *Id*.  On December 16, 2016, the court entered an order directing defendants Mills and Ellington to show cause why Alverson's motion for preliminary injunction regarding his housing should not be granted. *Doc No. 16*.  Defendants Mills and Ellington filed a response to this order on January 9, 2017, supported by affidavits, addressing Alverson's request for preliminary injunctive relief.

Upon review of the motion for preliminary injunction filed on December 15, 2016, the

response thereto filed by defendants Mills and Ellington, and well-settled law, the court concludes that the motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Alverson meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.* at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *see Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary

injunctive relief improper"). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

In their response to the motion for preliminary injunction, defendants Mills and Ellington deny they have violated Alverson's constitutional rights with respect to the denial of his request for a transfer to B-Dorm.  Specifically, these defendants assert that Alverson was placed in I-Dorm in accordance with the normal practice of the facility and further maintain that at the time relevant to the request for injunctive relief Alverson did not meet the eligibility requirements for placement in B-dorm as he did not have a 90-day disciplinary free record.  *See Defendants' Exh. C - Doc. No. 26-1 (Aff. of Edward Ellington)* at 1 (In October of 2016, "Inmate Alverson received a disciplinary for [a] rule violation and he was allowed to attend the Disciplinary Hearing in which he was found guilty.  On October 13, 2016, Inmate Alverson was re-assigned to the Behavior Modification Dormitory for the rule violation.  Inmate Alverson remained in the Behavior Modification Dorm until November 15, 2016….  Inmate Alverson was [then] placed in I-Dorm because inmates exiting the Behavior Modification Dorm are normally placed in A, I, or F Dormitories….  Inmate Alverson does meet the age requirement to be placed in B-Dormitory, but he was not three (3) months disciplinary clear [which is a requirement for placement in B-Dormitory].").  In his motion for preliminary injunction, Alverson acknowledges that "any inmate that seeks to be moved into B-dorm must have a 90 day clear record.  Plaintiff does not have a 90 day clear record." *Doc. No. 15* at 2.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of his claims. Alverson likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs much more heavily in favor of the defendants as issuance of the requested injunction would interfere with the ability of correctional officials to determine the manner in which to most effectively manage the housing of inmates at Draper. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Alverson has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back to the undersigned for additional proceedings.

It is further ORDERED that on or before February 17, 2017 the parties may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive or general objections addressed to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir.

R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 19th day of January, 2017.

                                             /s/Terry F. Moorer
                                             TERRY F. MOORER
                                             UNITED STATES MAGISTRATE JUDGE