IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, #132431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-928-MHT |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENTION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Rodney Alverson ("Alverson"), an indigent state inmate currently incarcerated at the Easterling Correctional Facility. In the instant complaint, Alverson challenges actions taken against him by correctional officials and an alleged lack of treatment provided by medical personnel during October and November of 2016 during his confinement at the Draper Correctional Facility.

On February 6, 2018, Alverson filed a motion for preliminary injunction in which he alleges that defendant Mills, one of the correctional defendants, transferred him from Draper to Easterling in retaliation for filing the instant civil action. Doc. No. 95. Alverson also maintains that he lost his parole consideration date, cannot smoke at Easterling and could have enemies at such facility rendering suicide "the only option left to [him]." Doc. No. 95 at 2-3. He requests that the "court force the defendants to transfer him to a different level 4 facility." Doc. No. 95 at 3.

On February 7, 2018, the court entered an order directing the defendants to show cause why Alverson's motion for preliminary injunction should not be granted. Doc. No. 97. The

correctional defendants filed responses to this order on February 22, 2018, supported by affidavits and relevant prison records, addressing Alverson's request for preliminary injunctive relief. Docs. No 100 & 101.

Upon review of the motion for preliminary injunction filed on February 6, 2018, the responses thereto filed by the correctional defendants, and well-settled law, the court concludes that the motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Alverson meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.* at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *see Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial

likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

In their responses to the motion for preliminary injunction, the correctional defendants deny they violated Alverson's constitutional rights with respect to his transfer from Draper to Easterling. Specifically, these defendants assert that Alverson was transferred to Easterling in January of 2018 "due to the imminent closure of Draper Correctional Facility." Doc. No. 101-1 at 2. Based on the impending closure of Draper, "all inmates [housed at this facility] are being screened and placed at approved facilities throughout the State as bed space becomes available." Doc. No. 101-1 at 2. The defendants further assert that "[i]n order for Inmate Alverson to be properly transferred to another approved facility, factors such as Health Codes, Mental Health Codes and Enemy locations had to be verified. Bed space at approved facilities had to be secured in order to transfer Inmate Alverson, along with several hundred other inmates, away from Draper Correctional Facility. Transfer of Inmate Alverson was coordinated between the Institutional Coordinators and Transfer Agents. . . . Draper Correctional Facility staff [–including defendant Mills–] had no input into the placement or transfer of any inmate to another approved

facility." Doc. No. 101-1 at 2 (citations to record omitted). Finally, the defendants state that "Easterling Correctional Facility was an approved, enemy free facility with available bed space." Doc. No. 101-1 at 2; Doc. No. 101-1 at 11 (enemy list shows one validated enemy for Alverson who is assigned to Holman Prison).

With respect to Alverson's assertion that he is suicidal, the defendants submitted an affidavit from Patrick Hampton, a psychological associate at Easterling, which addresses this assertion as follows:

> On February 7, 2018, Mental Health providers at Easterling Correctional Facility were made aware that Inmate Rodney Alverson, AIS 132431, communicated certain threats of self-harm in a pleading he filed with the Court in the above styled case. Required consultations were made with contracted mental health professionals at that time. It was determined that Mr. Alverson would be placed in a crisis cell on Acute Suicide Watch (constant watch). He was placed there for several days. Mr. Alverson was removed from suicidal watch on Monday, February 12, 2018, per the order of the required contracted mental health professionals.

Doc. No. 100-1 at 1-2.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of the claim on which he seeks injunctive relief. Alverson likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs much more heavily in favor of the defendants as issuance of the requested injunction would interfere with the ability of correctional officials to determine the manner in which to most effectively manage the transfer of inmates from Draper to other correctional facilities prior to its closure. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Alverson has

failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on February 6, 2018 (Doc. No. 95) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

On or before **March 12, 2018** the parties may file objections to the Recommendation. Any objection must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive or general objections addressed to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of February, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE