IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| RODNEY ALVERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO 2:16-CV-928-RAH-CSC |
| JEFFERSON DUNN, Commissioner, Alabama Department of Corrections, *et. al.*, | ) | |
| Defendants. | ) | |

**OPINION**

The Plaintiff is a state prisoner who filed this action alleging claims for excessive force, due process and deliberate indifference premised upon his lack of medical care and conditions of confinement. This case is before the Court on the United States Magistrate Judge's recommendation that Defendants' motions for summary judgment be granted. The Plaintiff has filed objections to the recommendation. The Court has conducted an independent and de novo review of the record including the Plaintiff's objections. In his objections, the Plaintiff argues that the recommendation fails to address a specific claim dealing with a two-day period from October 18, 2016 through October 20, 2016 when he was unable to get to the bathroom because of his back pain and, as a result, defecated and urinated on himself. In support of this claim, the Plaintiff points to the affidavits of fellow inmates. After due consideration, the Court concludes that summary judgment is due to be

granted in favor of the Defendants on the specific conditions claim addressed below and on all other claims presented by the Plaintiff for the reasons stated in the recommendation.

The Eleventh Circuit has made clear that "the deprivation of basic sanitary conditions can constitute an Eighth Amendment violation." *Brooks v. Warden,* 800 F. 3d at 1295, 1305 (11th Cir. 2015) (Eighth Amendment violation occurred where plaintiff claimed "that he was 'forced to lie in direct and extended contact with his own feces without an ability to clean himself, while confined to a hospital bed in maximum security restraints.'") The law is well-settled that establishment of both objective and subjective elements are necessary to demonstrate a violation of the protections afforded by the Eighth Amendment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014).

With respect to the requisite objective elements of a deliberate indifference claim, an inmate must first show "an objectively substantial risk of serious harm . . . exist[ed]. Second, once it is established that the official [was] aware of this substantial risk, the official must [have] react[ed] to this risk in an objectively unreasonable manner." *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014 at 1028–29 (11th Cir. 2001), *abrogated on other grounds, by Bell Atl. Corp v. Twombly,* 550 U.S. 544 (2007). As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan,* 511 U.S. 825, 837–38

(1994); *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991). . . . Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). A defendant's subjective knowledge of the risk must be specific to that defendant because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . . Each individual Defendant must be judged separately and on the basis of what that person [knew at the time of the incident]." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).

With respect to this two-day period, the Plaintiff alleges that upon being carried to his dorm by prison guards "they both just laid me on the floor and Sgt. Mills went into the D-dorm office got a mattress and laid it beside me and left the Dorm. Other inmates helped

3

me get on the mattress and slid me over to my assigned bed. I laid on the mattress in the floor for 2# days unable to go to the bathroom or even go to the chow hall to eat, for these 2# days I pissed all over myself and defecated on myself until inmate Miller started helping me get cleaned up to take a shower and go to the chow hall." (Doc. 89-1, pp. 3-4). The affidavits of the Plaintiff's fellow inmates, which this court has independently reviewed, support these allegations. Indeed, one inmate stated that "a lot of inmates were complaining about Alverson smelling because for 2# days Alverson had pissed and also pooped on himself." (Doc. 91-1, p. 2).

However, nowhere in the Plaintiff's own filings does he allege that he asked any of the Defendants for assistance to go to the bathroom during these two days. Nor do these affidavits contain any testimony that such a request occurred. Furthermore, there is no evidence that any of the Defendants were aware of his inability go to the bathroom. Even were the Court to read the inmate's statement about the Plaintiff's smell and his fellow prisoners' complaints as creating some evidence of notice to the Defendants of the Plaintiff's condition, the Court is left to guess which guards, if any, received complaints or were aware of any smell. Thus, the Court concludes that the Plaintiff fails to satisfy the subjective component of this deliberate indifference claim because he fails to plead any facts which this Court could read in his favor as demonstrating that any defendant was "plainly aware" of his condition. *See Brooks,* 800 F. 3d at 1305 (11th Cir. 2015) (Subjective component of the deliberate indifference claim established where the plaintiff "specifically alleged that he repeatedly begged Powell {Defendant Deputy Warden} to let him remove his jumpsuit and use the toilet"). Accordingly, the Court concludes that

summary judgment is due to be entered on the Plaintiff's specific conditions claim and on all other claims presented by the Plaintiff for the reasons stated in the Magistrate Judge's recommendation.

An appropriate judgment will be entered.

DONE, this 15th day of January, 2020.

                                       /s/ R. Austin Huffaker, Jr.
                                       R. AUSTIN HUFFAKER, JR.
                                       UNITED STATES DISTRICT JUDGE